IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| JOHN TUY PHAM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-08-3465 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |


## MEMORANDUM OPINION AND ORDER


Pending before the court is John Tuy Pham's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1). Respondent Nathaniel Quarterman filed Respondent's Answer with Brief in Support (Docket Entry No. 10) requesting that the court deny Pham's petition and dismiss this action with prejudice. Pham then filed Petitioner's Response to Respondent's Answer (Docket Entry No. 11). For the reasons stated below, the court will deny Pham's petition for a writ of habeas corpus.

## I.  Background[1]

Dung Van Ha was killed in a drive-by shooting on August 22, 1998.  The petitioner, John Tuy Pham, then sixteen years old, was arrested on the campus of his high school on September 9, 1998, on suspicion that he was involved in the shooting.  Pham was taken into custody by the Houston Police Department at 2:35 p.m.  At around 4:38 p.m. Pham gave an oral statement to police in which he admitted that he had fired a .45 caliber handgun at the vehicle that Ha was driving.

Police did not contact Pham's family to notify them that he had been taken into custody until almost six hours after he was arrested.  A juvenile processing officer notified Pham's sister of his arrest at 8:15 p.m., and Pham's father was notified by the county juvenile probation department at 9:50 p.m.  Pham's parents visited him in custody the following day.

Pham was indicted for first-degree murder.  Although a juvenile, he was certified to stand trial as an adult.  He pleaded not guilty and proceeded to trial.

---

[1]The facts and procedural history of this case are drawn largely from the opinions of the Texas Court of Appeals and the Texas Court of Criminal Appeals rendered in Pham's lengthy direct appeal, which eventually led to the affirmance of his conviction. See Pham v. State, 36 S.W.3d 199 (Tex. App. -- Houston [1st Dist.] 2000), rev'd, 72 S.W.3d 346 (Tex. Crim. App. 2002), on remand, 125 S.W.3d 622 (Tex. App. -- Houston [1st Dist.] 2003) (en banc), aff'd, 175 S.W.3d 767 (Tex. Crim. App. 2005).  For any facts or procedural history not stated in the Court of Appeals' or Court of Criminal Appeals' opinions, a citation to the record is noted.

At trial, Pham moved to suppress his inculpatory oral statement, asserting that his parents were not promptly notified of his arrest and the reason therefor as required by Texas Family Code § 52.02(b).[2]  The trial court overruled Pham's motion to suppress, concluding that § 52.02(b) had not been violated, and allowed the state to introduce the confession.  On April 26, 1999, a jury found Pham guilty as charged.[3]   The jury assessed punishment at imprisonment for life.

On direct appeal Pham's conviction was initially reversed by the Texas Court of Appeals.  See Pham v. State (Pham I), 36 S.W.3d 199, 205 (Tex. App. -- Houston [1st Dist.] 2000), rev'd, 72 S.W.3d 346 (Tex. Crim. App. 2002), on remand, 125 S.W.3d 622 (Tex. App. -- Houston [1st Dist.] 2003) (en banc), aff'd, 175 S.W.3d 767 (Tex. Crim. App. 2005).   The court concluded that the officers who arrested Pham had "clearly violated" § 52.02(b) by failing to promptly notify Pham's parents of his arrest and, consequently,

---

[2]The version of Texas Family Code § 52.02(b) in effect at the time provided:

> A person taking a child into custody shall promptly give notice of his action and a statement of the reason for taking the child into custody, to:  (1) the child's parent, guardian, or custodian; and (2) the office or official designated by the juvenile court.

Act of 1973, 63d Leg., R.S., ch. 544, § 1, 1973 Tex. Sess. Law Serv. 1460 (West) (amended 2001) (current version at Tex. Fam. Code Ann. § 52.02(b) (Vernon 2008)).

[3]See Ex parte Pham, No. WR-70,523-01, at 357 (Tex. Crim. App. Nov. 19, 2008).

that Pham's confession should have been suppressed.  Id. at 203-
205.

The state sought discretionary review in the Texas Court of
Criminal Appeals ("TCCA"), which the court granted.  See Pham v.
State (Pham II), 72 S.W.3d 346 (Tex. Crim. App. 2002).  In a brief
per curiam opinion the TCCA reversed the Court of Appeals and
remanded the case for reconsideration in light of the court's
recent ruling in Gonzales v. State (Gonzales II), 67 S.W.3d 910
(Tex. Crim. App. 2002).  Pham II, 72 S.W.3d at 346.

In Gonzales II the TCCA reversed a decision by the same Court
of Appeals that had decided Pham's appeal, holding that "before a
juvenile's written statement can be excluded, there must be a
causal connection between the Family Code violation and the making
of the statement."  Gonzales II, 67 S.W.3d at 912.  The Gonzales II
court explained that the Court of Appeals in Gonzales I[4] had
incorrectly held that Gonzales' "confession was automatically
inadmissible because of the police officer's failure to notify
[Gonzales'] parents, in violation of Texas Family Code § 52.02(b)."
Id. (emphasis added).

On remand the en banc Court of Appeals, with three justices
dissenting, explained that it interpreted the TCCA's reversal and
remand of Pham I based on Gonzales II to imply that it had failed

---

[4]See Gonzales v. State (Gonzales I), 9 S.W.3d 267, 271 (Tex.
App. -- Houston [1st Dist.] 1999), rev'd, 67 S.W.3d 910 (Tex.
Crim. App. 2002).

to conduct a causal connection analysis in Pham I.[5]   Pham v. State
(Pham III), 125 S.W.3d 622, 625 (Tex. App. -- Houston [1st Dist.]
2003) (en banc), aff'd, 175 S.W.3d 767 (Tex. Crim. App. 2005).   The
court then held that Pham, as the party seeking exclusion of the
statement, had the burden to prove a causal connection between the
Family Code violation and the giving of the inculpatory statement.
Id. at 627.   After reviewing the record from the suppression
hearing, the court concluded that since Pham had produced "no
evidence" to prove a causal connection between the Family Code
violation and his confession, the trial court had not erred in
overruling Pham's motion to suppress.   Id. at 628-29.   The court
rejected Pham's other points of error and affirmed his conviction.
Id. at 629-31.

　　　Pham then filed a petition for discretionary review in the
TCCA, which was granted.   See Pham v. State (Pham IV), 175 S.W.3d
767 (Tex. Crim. App. 2005).   The TCCA, with one justice dissenting,

---

　　　[5]The Court of Appeals held in Pham I that it could not "say
with any degree of confidence that if [Pham] had access to his
parents or his attorney, he would still have chosen to confess
the crime."   Pham I, 36 S.W.3d at 205.   In Pham III the Court of
Appeals characterized this as an "attenuation of the taint"
analysis and concluded that it was separate and distinct from a
causal connection analysis.   Pham III, 125 S.W.3d at 625-26.   The
dissenting justices argued that an attenuation of the taint
analysis and a causal connection analysis were one and the same,
that a juvenile defendant seeking exclusion of a confession
should not bear the burden of proof on the causation issue, and
that the court had correctly concluded in Pham I that the
government had failed to show that Pham's confession was not
caused by the Family Code violation.   See Pham III, 125 S.W.3d at
632-40 (Mirabal, J., dissenting, Keyes, J., dissenting).

affirmed the Court of Appeals' decision in <u>Pham III</u> in all respects.[6]   <u>Id.</u> at 774.   Pham sought a writ of certiorari from the Supreme Court of the United States, but the Court denied the writ on October 17, 2005.   <u>See</u> <u>Pham v. Texas</u>, 126 S. Ct. 490 (2005) (mem.).

Pham filed a petition for a writ of habeas corpus in state court on October 4, 2006.[7]   Pham asserted that his trial counsel, George Parnham, provided ineffective assistance by, among other things, failing to present evidence to show a causal connection between the violation of the Family Code provision and Pham's confession.[8]   The trial court found that Texas law at the time of Pham's trial was "unsettled" as to whether a juvenile seeking exclusion of a confession based on a Family Code violation "had to prove a causal connection between the police violating the . . . statute and obtaining the [defendant's] statement."[9]   The court

---

[6]The dissenting justice in <u>Pham IV</u> essentially agreed with the <u>Pham III</u> dissenters in the Court of Appeals, arguing that the attenuation of the taint analysis and the causal connection analysis are one and the same and that the government bears the burden to show that the statutory violation did not cause the later-obtained confession.   <u>Pham IV</u>, 175 S.W.3d at 774-77 (Keasler, J., dissenting).

[7]<u>Ex parte Pham</u>, No. WR-70,523-01, at 2.

[8]<u>Id.</u> at 7-9.

[9]<u>Id.</u> at 253.   Parnham submitted an affidavit in the state habeas proceeding stating:   "Based on my understanding of the settled law at the time of Mr. Pham's trial, I did not believe it was necessary to present testimony at the suppression hearing to prove a causal connection between the police violating the statute and obtaining Mr. Pham's statement."   <u>Id.</u> at 154.

also found that Parnham, "based on his understanding of the settled law at the time of [Pham's] trial, . . . did not believe it was necessary to present testimony at the suppression hearing to prove a causal connection . . . ."[10]  Based on these findings, the court concluded that Parnham did not provide ineffective assistance.[11]  The TCCA denied Pham's habeas petition without written order based on the findings of the trial court on November 19, 2008.[12]  Two days later, on November 21, 2008, Pham filed this federal habeas petition.[13]

## II.  Pham's Claim

Pham asserts a single claim for relief.  He contends that his trial counsel provided ineffective assistance by failing to present testimony at the suppression hearing to establish a causal connection between the police's violation of Texas Family Code 52.02(b) and the obtainment of Pham's confession.  Pham asserts that had Parnham presented such evidence, his confession would have been ruled inadmissible, and that without the confession in evidence there is a reasonable probability that the jury would not have found him guilty.

---

[10] Id.

[11] Id. at 260.

[12] Id. at cover.

[13] See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

-7-

### III.  **Standard of Review**

The standard of review for federal habeas corpus petitions by prisoners in state custody is found in 28 U.S.C. § 2254(d).  This provision sets forth "a highly deferential standard for evaluating state-court rulings."  Lindh v. Murphy, 117 S. Ct. 2059, 2066 n.7 (1997).  A court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Courts review pure questions of law and mixed questions of law and fact under subsection (d)(1) and questions of fact under subsection (d)(2).  Martin v. Cain, 246 F.3d 471, 475 (5th Cir. 2001).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).  A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but

-8-

unreasonably applies that principle to the facts of the prisoner's case." Id. "Determination of a factual issue made by a State court shall be presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1).

### IV. Analysis

#### A.  The Strickland Standard

A petitioner asserting ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).  The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 104 S. Ct. at 2064.  Counsel's representation must have been objec- tively unreasonable.  Id.  Reasonableness is measured against prevailing professional norms and must be viewed under the totality of the circumstances as they existed at the time.  Id. at 2065. The court's review of counsel's performance is extremely deferential; the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  Id.

Under the second prong the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992). Where there is overwhelming evidence of guilt the court is not likely to find, absent very compelling evidence, that there is a reasonable probability that but for the attorney's deficient performance the outcome would have been different. See, e.g., Sayre v. Anderson, 228 F.3d 631, 635 (5th Cir. 2001); Moawad v. Anderson, 143 F.3d 942, 946 (5th Cir. 1998).

The petitioner has the burden of proof on an ineffective assistance of counsel claim. Alexander v. McCotter, 775 F.2d 595, 601 (5th Cir. 1985). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S. Ct. at 2069.

**B.   Application**

The state habeas court found that Texas law was "unsettled" at the time of Pham's trial with regard to whether a juvenile defendant had to show a causal connection between a Family Code violation and the giving of an inculpatory statement in order to suppress the statement. Based on this finding, the court concluded that it was not unreasonable for Parnham to fail to present evidence regarding a causal connection.

Pham does not directly challenge the state habeas court's determination that the applicable Texas jurisprudence was unsettled at the time of his trial. Instead, Pham contends that Quarterman

-10-

is prohibited under the equitable doctrine of judicial estoppel from asserting that the law was unsettled at the time of his trial.

Under the doctrine of judicial estoppel, a party may not take a position in a legal proceeding, and then later "simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken." New Hampshire v. Maine, 121 S. Ct. 1808, 1814 (2001) (quoting Davis v. Wakelee, 15 S. Ct. 555, 558 (1895)). The doctrine "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Id. (quoting Pegram v. Herdrich, 120 S. Ct. 2143, 2153 n.8 (2000)).

Pham contends that the state, during his direct appeal, took the position, based on Cantu v. State, 842 S.W.2d 667, 680 (Tex. Crim. App. 1992), "that it is 'well settled' that a police officer's violation of a statute does not invalidate a confession 'unless there is proof of a causal connection between the [illegal conduct] and the confession.'"[14]  Pham argues that this is directly contrary to the argument Quarterman makes now in Pham's habeas proceeding that state law was unclear.

---

[14]Petition for a Writ of Habeas Corpus, Docket Entry No. 1, at 11 (alteration by petitioner) (quoting State's Brief at 20, Pham v. State (Pham I), 36 S.W.3d 199 (Tex. App. -- Houston [1st Dist.] 2000) (No. 01-99-00631-CR)).

Pham raised the judicial estoppel argument in the state habeas court.[15] The state court did not address the doctrine in its findings of fact and conclusions of law, but apparently did not find the doctrine applicable or decided not to apply it.[16]

Assuming for purposes of argument that the doctrine of judicial estoppel were applicable and that the state habeas court incorrectly and unreasonably applied the doctrine, this court may not grant Pham relief on that basis. The court may grant a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The fact that a state court, in a post-conviction, collateral proceeding, refused to apply the equitable doctrine of judicial estoppel does not mean that Pham is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). See also Nichols v. Scott, 69 F.3d 1255, 1272-73 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (quotation marks and citation omitted)). Further, "[t]he Fifth Circuit has rejected judicial estoppel as a ground for habeas relief." ShisInday v. Quarterman, 511 F.3d 514, 524 (5th Cir.

---

[15]Ex parte Pham, No. WR-70,523-01, at 249.

[16]See id. at 251-265.

2007).  See also Nichols, 69 F.3d at 1272-73 (refusing to grant habeas relief on the basis of judicial estoppel because "there is no indication in the authorities that it is constitutionally mandated," "it has apparently never been applied against the government in a criminal case," and granting relief on that ground would be barred by the Teague doctrine).

Moreover, the court is not persuaded that the doctrine even applies here.  For the doctrine to apply "a party's later position must be 'clearly inconsistent' with its earlier position." New Hampshire, 121 S. Ct. at 1815 (quoting United States v. Hook, 195 F.3d 299, 306 (7th Cir. 1999)).  The state has not taken a clearly inconsistent position, however.  Instead, Pham has mischaracterized the position taken by the state during his direct appeal.

If the specific argument cited by Pham – which the state made in its appellate brief in Pham's initial appeal -- is viewed in its full context, it is apparent that the state acknowledged the lack of clarity in the Texas jurisprudence with regard to whether a juvenile seeking exclusion of a confession based on a violation of a Family Code provision had to show a causal connection.[17]  The state, instead of arguing that the law was clear, criticized a TCCA decision involving the exclusion of a juvenile's statement based on the violation of a Family Code provision because it "failed to hold

---

[17]See State's Brief at 15-21, Pham v. State (Pham I), 36 S.W.3d 199 (Tex. App. -- Houston [1st Dist.] 2000) (No. 01-99-00631-CR).

-13-

there must be a causal connection between noncompliance with a statutory provision and the evidence being obtained."[18]   The state then pointed out that for <u>other</u> alleged illegal police actions, the state law was clear:  A defendant seeking to exclude a confession must show a causal connection between the illegal conduct and the giving of the confession.[19]

As an example of what the law required for suppression based on <u>other</u> illegal police actions, the state explained, citing <u>Cantu</u>, that "[i]t is well-settled, however, that the <u>failure to take an arrestee before a magistrate in a timely manner</u> will not invalidate a confession unless there is proof of a causal connection between the delay and the confession."[20]   The state asserted that this approach should be adopted for juvenile confessions obtained after a violation of an applicable Family Code provision, even though it admittedly was <u>not</u> clearly required by the pertinent contemporary jurisprudence.[21]   Pham takes this portion of the state's argument out of context.   Quarterman should not be judicially estopped from now asserting that state jurisprudence at the time was unsettled.

Pham next argues that even if Texas law was unsettled, Parnham reasonably should have known that he needed to show a causal

---

[18]<u>Id.</u> at 16.

[19]<u>Id.</u> at 20-21.

[20]<u>Id.</u> at 20 (emphasis added).

[21]<u>See</u> <u>id.</u> at 15-21.

connection based on United States Supreme Court precedent.  In support of this argument, Pham cites <u>Dunaway v. New York</u>, 99 S. Ct. 2248 (1979); <u>Brown v. Illinois</u>, 95 S. Ct. 2254 (1975); and <u>Wong Sun v. United States</u>, 83 S. Ct. 407 (1963).  These cases, however, involve the suppression of confessions obtained through violations of federal constitutional rights.  Because the parental notification provision found in the Texas Family Code is not a constitutional right, these cases are not particularly relevant. Texas cases control the application of any exclusionary rule based on violation of the Texas Family Code.  Furthermore, the court reads these federal cases to establish only that a confession need not be suppressed if the <u>government</u> can show the absence of a causal connection between an illegal police action and a confession.

But even assuming <u>arguendo</u> that failing to promptly contact a juvenile's parents after his arrest rises to the level of a constitutional violation (which would make these cases relevant) and also assuming <u>arguendo</u> that these cases place the burden of proof on the criminal defendant to show a causal connection between the illegal police conduct and the giving of his confession, Pham's argument is still not availing.  "It is elementary that States are free to provide greater protection in their criminal justice system than the Federal Constitution requires." <u>California v. Ramos</u>, 103 S. Ct. 3446, 3460 (1983).  Therefore, Texas would be free to provide greater protection to criminal defendants by eliminating

-15-

the requirement that the defendant show a causal connection between the illegal police activity and a subsequently obtained confession and instead allow the defendant to have a confession suppressed by merely showing a prior violation of a right.  In other words, Texas could make it easier for defendants to suppress illegally obtained confessions.

According to the TCCA in <u>Gonzales II</u>, that is exactly what many of the Texas Courts of Appeals had done with regard to confessions obtained from juvenile defendants after violations of Texas Family Code provisions.  The court noted that "[m]any of the lower courts, including the Court of Appeals here [in <u>Gonzales I</u>], have assumed that a violation of the Family Code <u>automatically</u> leads to the exclusion of evidence." <u>Gonzales II</u>, 67 S.W.3d at 912 n.6 (emphasis added).  As an example, the TCCA cited <u>Anthony v. State</u>, 954 S.W.2d 132, 136 (Tex. App. -- San Antonio 1997, no pet.), a case decided in September of 1997 and still good law at the time of Pham's trial in April of 1999.[22]

Not until <u>Gonzales II</u> was decided in February of 2002 was it clear that a Texas court considering a motion to suppress a

_____

[22]In addition to <u>Anthony</u> and <u>Gonzales I</u>, the court has identified other examples of intermediate appellate court decisions that assumed that a violation of an applicable Family Code provision automatically resulted in the suppression of a subsequent confession.  <u>See</u> <u>Hampton v. State</u>, 36 S.W.3d 921, 924 (Tex. App. -- El Paso 2001) (involving a violation of § 52.02(b)), <u>rev'd on other grounds</u>, 86 S.W.3d 603 (Tex. Crim. App. 2002); <u>In the Matter of C.R.</u>, 995 S.W.2d 778, 784-85 (Tex. App. -- Austin 1999, pet. denied) (involving a violation of § 52.02(b)); <u>In the Matter of R.R.</u>, 931 S.W.2d 11, 14 (Tex. App. -- Corpus Christi 1996, no pet.) (involving a violation of § 52.02(a)).

confession by a juvenile defendant based on a violation of an applicable Family Code provision had to consider whether there was a causal connection between the statutory violation and the subsequently obtained confession. See Gonzales II, 67 S.W.3d at 912 & n.6.   Furthermore, not until even later, when Pham IV was decided in 2005, was it clear that it was the defendant who had the burden to prove the requisite causal connection.  See Pham IV, 175 S.W.3d at 772 ("We granted review to clarify the causal connection analysis which must be undertaken in article 38.23 suppression of evidence claims." (emphasis added)).   Therefore, at the time of Pham's trial in April of 1999 it simply was not clear that Pham would be required to prove a causal connection to exclude his confession.

The Fifth Circuit has refused to find that counsel provided ineffective assistance when governing state law was unsettled at the time of the allegedly unreasonable decision.   In Givens v. Cockrell the Court of Appeals held that counsel's failure to object to certain evidence was not unreasonable "[b]ecause Texas law was unsettled" at the time such that counsel "could have reasonably believed that the law permitted such evidence." Givens v. Cockrell, 265 F.3d 306, 309 (5th Cir. 2001).   Similarly, in Sharp v. Johnson the court concluded that the petitioner's counsel did not provide ineffective assistance when he failed to attach a certain affidavit to his motion for a new trial because "Texas law . . . was conceptually amorphous and unsettled at the time" with

-17-

regard to whether such an affidavit was required to preserve error for appeal.  Sharp v. Johnson, 107 F.3d 282, 289 (5th Cir. 1997). The court explained that "a reasonably competent attorney could not have known, prior to the Court of Criminal Appeals' decision in this case, that the motion for new trial could be deemed insufficient to preserve the error adequately."  Id. at 288.

Like the attorneys in Givens and Johnson, Parnham had no way of knowing, in light of the Texas jurisprudence at the time, how the Texas Court of Criminal Appeals would eventually rule to resolve the then-existing ambiguity in the applicable law. Accordingly, the state habeas court did not unreasonably apply the Strickland standard when it concluded that Parnham did not provide deficient representation by failing to present evidence to show a causal connection between the police's failure to promptly notify Pham's parents of his arrest and Pham's subsequent confession.[23] Pham has not shown that he is entitled to relief under 28 U.S.C. § 2254(d).

## V.  Certificate of Appealability

Although Pham has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte.

---

[23]Because the court has concluded that the state habeas court did not unreasonably apply the deficiency prong of the Strickland standard, the court need not address the prejudice prong.  See Strickland, 104 S. Ct. at 2069 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

<u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA for claims denied on the merits, Pham must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Pham must demonstrate that the issues are debatable among reasonable jurists, that another court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. <u>Tennard</u>, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Pham has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability will be denied in the final judgment.

## VI.  <u>Order</u>

The court **ORDERS** that Pham's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 21st day of April, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-19-